*Exhibit A*

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Middle District of Pennsylvania

| | | |
|---|---|---|
| DEREK S. THOME | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1:20-CV-2167 |
| PENNSYLVANIA STATE POLICE OFFICERS JOHN DOE 1 THROUGH 20 | ) | |
| *Defendant* | ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Lebanon City Police Department, 400 S. 8th Street, Lebanon, PA 17042

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A.

| Place: Kline & Specter, P.C., 1525 Locust Street, 12th Floor, Philadelphia, PA 19102 | Date and Time: 12/04/2020 5:00 PM |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 11/20/2020

*CLERK OF COURT*

OR

_____     /s/ Benjamin O. Present, Esq.
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Derek S. Thome, As Administrator of the Estate of Charity L. Thome , who issues or requests this subpoena, are:

Benjamin O. Present, Esq., (address above), benjamin.present@klinespecter.com, 215-772-2479

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
       **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT "A"

**I.   DEFINITIONS**

1. "Plaintiff" means Derek S. Thome, as Administrator of the Estate of Charity L. Thome.

2. "You" or "your" means City of Lebanon Police Department, their subsidiaries, affiliates, agents, present or former employees and all persons acting on their behalf.

3. "Defendants" means Defendants Officers John Doe 1 Through 20 in the civil action that is captioned in the accompanying subpoena.

4. The "subject incident" means the entirety of the interaction between the police, including, but not limited to, Defendants, officers of the Pennsylvania State Police, officers of the City of Lebanon Police Department, officers of the North Lebanon Township Police Department, and Charity L. Thome, including, but not limited to, the circumstances leading to police seeking an arrest warrant for Ms. Thome, the initial apprehension of Ms. Thome, the motor-vehicle chase of Ms. Thome, the entirety of the encounter between police and Ms. Thome on King Street in Lebanon, Pennsylvania, and the fatal shooting of Ms. Thome.

5. "Document" means any writing of any kind, including written, recorded, or graphic matter, however produced or reproduced, as broadly as the term is defined by the Federal Rules of Civil Procedure. It includes all matters that relate or refer, in whole or in part, to the subject referred to in any Request. If a document has been prepared in several copies, or if additional copies have been made and the copies are not identical (or by reason of subsequent modification by the addition of notations or other modifications, copies are no longer identical) each non-identical copy is a separate "document". The term "document" includes, but is not limited to: correspondence, personal and intra-office memoranda, e-mails, notes, diaries, log books, calendars, statistics, analyses, projections, indices, letters, telegrams, minutes, contracts, agreements, reports, studies, diagrams, drawings, check statements, receipts, returns, summaries, pamphlets, books, inter-office and intra-office communications, notations or memoranda of conversations, bulletins, printed matter, computer printouts, tapes, data processing storage units, films including surveillance films, videotapes including surveillance videotapes, photographs including surveillance photographs, surveillance reports, teletypes, invoices, recordings, work sheets, work papers, and all drafts, alterations, modifications, changes, and/or amendments of any of the foregoing.

4. All "documents" mean every document as defined above known to you, and every such document which may be located or discovered by reasonable effort.

5. The terms "possession, custody, or control" includes the joint and several possession, custody, or control not only by you, but also by each and any person acting or purporting to act in concert with or on your behalf, whether as an employee, attorney, accountant, or otherwise.

6. "Identify" or "Identification" when used in reference to any natural person means to state the full name of any such person, if known, his or her present or last known address, telephone number, his or her present or last known position and/or business affiliation, and his or her business address and telephone number.

7. "Identify" or "Identification" when used in reference to a *document* means to state the type of document (for example, letter, memorandum, e-mail, telegram, etc.), its date, the number of the addressee or addressees, the number of the sender or senders, and title or heading. If the document is pre-printed, state the present location of the document and all known copies. If a document is not in the defendants' possession, custody, or control, state what disposition has been made of the document and all its copies.

8. "Identify" or "Identification" when used in reference to a *person other than a natural person* means to state the nature of such a person (for example, corporation, partnership, proprietorship, etc.), full name, address, and telephone number. Identify those persons employed by such entity with whom you dealt, and state the subject matter with respect to which you dealt with such person.

## II.   SUBPOENA REQUESTS

In *Zielinski v. Mega Manufacturing, Inc., et al.*, the Court held that Pennsylvania's Criminal History Record Information Act ("CHRIA") "must yield to" Federal Rules of Civil Procedure 26 and 45. *Zielinski*, 2:18-CV-05113-JDW, 2019 WL 6353203, at *1 (E.D. Pa. Nov. 26, 2019). Moreover, "CHRIA does not create a privilege." *Id.* at *3. Accordingly, there is no legal basis to withhold any of the below information under CHRIA.

**Please produce:**

1. All documents regarding the subject incident.

2. The arrest warrant obtained for Charity L. Thome before the subject incident.

3. All documents containing the names, badge numbers, and roles (*e.g.*, "Officer John Smith was one of the officers that fired his weapon at Ms. Thome"; "Officer Jane Smith performed the P.I.T. maneuver on Ms. Thome's car"; etc.) of all the officers involved in the subject incident from the **Pennsylvania State Police**.

4. All documents containing the names, badge numbers, and roles (*e.g.*, "Officer John Smith was one of the officers that fired his weapon at Ms. Thome"; "Officer Jane Smith performed the P.I.T. maneuver on Ms. Thome's car"; etc.) of all the officers involved in the subject incident from the *City of Lebanon Police Department*.

5. All documents containing the names, badge numbers, and roles (*e.g.*, "Officer John Smith was one of the officers that fired his weapon at Ms. Thome"; "Officer Jane Smith performed the P.I.T. maneuver on Ms. Thome's car"; etc.) of all the officers involved in the subject incident from the *North Lebanon Township Police Department*.

6. The personnel files of all City of Lebanon Police Department officers involved in

the subject incident, including, but not limited to, officers involved in the initial encounter with Charity L. Thome, the motor-vehicle chase of Ms. Thome, and the encounter on King Street with Ms. Thome, including, but not limited to, the fatal shooting of Ms. Thome.

7. All Statements obtained from any police officer, including, but not limited to, officers from the Pennsylvania State Police, the City of Lebanon Police Department, and the North Lebanon Township Police Department, regarding the subject incident.

8. All Statements obtained from all witnesses to the subject incident regarding the subject incident.

9. All other documents that are not responsive to the two immediately preceding

requests which constitute Statements regarding the subject incident from any other person.

      10.      All documents or materials showing any City of Lebanon policy, procedure, directive, guideline, instruction, custom or practice in place on March 16, 2020 relative to any of the following topics:

      a. Use of deadly force;
      b. Use of less-lethal force;
      c. Use of lethal weapons;
      d. Use of less-lethal weapons;
      e. Use of service weapons in general;
      f. De-escalation of physical altercations with suspects;
      g. Pedestrian stops;
      h. Encounters with civilians;
      i. "Terry" stops;
      j. "Mere encounters;"
      k. Motor vehicle stops;
      l. Motor vehicle chases
      m. "stop and frisk;"
      n. Detention of suspects;
      o. Detention of witnesses;
      p. Detention of civilians;
      q. Circumstances where a detention is impermissible and/or illegal;
      r. Probable cause;
      s. Equipment required to be kept by an officer.

      11.      The entire Internal Affairs investigative file into the subject incident.

12. The entire Crime Scene File related to the subject incident.

13. The City of Lebanon Police Department policy, procedure, directive, guideline, instruction, custom or practice relative to the investigation of shootings by Pennsylvania State Police Officers or Officer Involved Shootings ("OIS").

14. The City of Lebanon Police Department policy, procedure, directive, guideline, instruction, custom or practice relative to the proper maintenance and/or documentation of a crime scene at an OIS.

15. All documents relative to all OIS from the City of Lebanon Police Department in the past 10 years, identifying the number of OIS involving moving vehicles and the number of OIS involving unarmed shooting victims.