IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEREK S. THOME, *As Administrator of the Estate of Charity L. Thome, Deceased*, c/o Kline & Specter, P.C., 1525 Locust Street, Philadelphia, PA 19102 | : : : : : : : | |
| *Plaintiff*, v. | : : : : | CIVIL ACTION NO. 1:20-cv-02167-SHR |
| PENNSYLVANIA STATE POLICE OFFICERS JOHN DOE 1 THROUGH 20 1800 Elmerton Avenue Harrisburg, PA 17110 | : : : : : | |
| *Defendants*. | | |

**PLAINTIFF'S BRIEF IN SUPPORT OF MOTION TO COMPEL NONPARTY CITY OF LEBANON POLICE DEPARTMENT'S COMPLIANCE WITH SUBPOENA**

This case stems from the unlawful killing of Charity L. Thome, an unarmed forty-two-year-old mother of two who was shot and killed by Pennsylvania State Police ("PSP") officers earlier this year. Officers from the North Lebanon Police Department and City of Lebanon Police Department were also involved in the events giving rise to the shooting. Plaintiff has filed this civil rights action against twenty to-be-identified PSP officers on behalf of Ms. Thome's estate.

In order to identify the proper defendants to this action and seasonably commence discovery, on November 20, 2020, Plaintiff served a subpoena on City of Lebanon Police Department[1] with a response date of December 4, 2020. Because Counsel for the City of Lebanon Police Department has failed to timely respond to the subpoena despite undersigned counsel's

---

[1] Plaintiff also served subpoenas on the North Lebanon Police Department and the PSP.

good faith efforts, Court intervention is required. As such, Plaintiff respectfully requests that this Honorable Court enter the accompanying order compelling the City of Lebanon Police Department's complete compliance with the subpoena, for which responses are now two weeks overdue.

## I. PROCEDURAL HISTORY OF THE CASE

Plaintiff initiated this action by filing a Complaint on November 19, 2020. *See* Compl., Doc. No. 1. On November 20, 2020, Plaintiff served a subpoena on the City of Lebanon Police Department. *See* Subpoena, attached as **Ex. A**. The subpoena had a response date of December 4, 2020 at 5 p.m. *See* **Ex. A**. To date, Plaintiff has not received any documents in response to the subpoena.

## II. STATEMENT OF FACTS

For a complete set of facts underlying this case, Plaintiff respectfully refers the Court to his Complaint. The facts necessary to resolve this subpoena are minimal and straightforward.

Plaintiff's subpoena to the City of Lebanon Police Department makes narrowly-tailored inquiries into unquestionably discoverable information, such as, among other things:

- Documents in the City of Lebanon Police Department's possession regarding the incident in which Ms. Thome was killed by police officers;

- All documents containing the names, badge numbers, and roles of officers from the City of Lebanon Police Department *as well as* officers from the North Lebanon Township Police Department and the PSP involved in the incident;

- The personnel files of any City of Lebanon Police Department officer involved in the incident;

- All officer statements, witness statements, and other statements regarding the incident;

- Documents pertaining to various policies, including use of deadly force, within the City of Lebanon Police Department; and

- Documents pertaining to officer-involved shootings within the City of Lebanon Police

Department.

*See **Ex. A***, Attachment A to Subpoena.

On December 3, 2020, counsel for the City of Lebanon Police Department contacted undersigned counsel and suggested that the City of Lebanon Police Department wished to avoid compliance with the subpoena because the department, counsel claimed, had minimal involvement in the events leading up to Ms. Thome's killing, as well as the killing itself (collectively, "the incident").

As set forth in Plaintiff's argument, below, this contention has no bearing on whether the police department must respond to the subpoena. Although some of the documents Plaintiff seeks call for information about City of Lebanon police officers' involvement in the incident, many of Plaintiff's requests simply call for documents about the incident *in the police department's possession*, regardless of whether its officers were "involved." Moreover, the police department's claimed lack of involvement in the incident stands in contrast to statements by the Lebanon County District Attorney's Office, which said in a press release about Ms. Thome's killing that Ms. Thome "fled from the ***Lebanon City*** and North Lebanon Police Departments on March 15, 2020, in an unrelated incident." *See* Lebanon County District Attorney's Office Press Release, attached as ***Ex. B*** (emphasis added). This "unrelated incident" was just hours before police began their pursuit of Ms. Thome that ended with Ms. Thome being fatally shot.

On December 3, 2020, after undersigned counsel maintained that the City of Lebanon Police Department remained obliged to produce its documents, the police department's counsel stated that she would contact her client and advise accordingly. Despite numerous follow-up emails from undersigned counsel to counsel for the police department, Plaintiff has been unable to obtain any documents in response to the subpoena or any commitment that such documents are

forthcoming. Most recently, on December 16, 2020, counsel for the City of Lebanon Police Department doubled down on her suggestion that the police department should be able to avoid producing documents because of its supposed non-involvement in the incident, and further indicated that she has not even begun to look for responsive documents. As such, Plaintiff files the instant Motion to Compel the City of Lebanon Police Department's complete compliance with the subpoena within fourteen days of the Court's order.

### III. STATEMENT OF THE QUESTION INVOLVED

*Question:* Should the Court compel the City of Lebanon Police Department to respond to Plaintiff's subpoena, where the subpoena requests relevant documents about the incident at issue in this case in the police department's possession, custody, and control, as well as any documents about City of Lebanon Police Department officers involved in the incident?

*Suggested Answer:* Yes.

### IV. ARGUMENT

The Court should grant Plaintiff's Motion and compel the City of Lebanon Police Department's complete compliance with Plaintiff's subpoena within fourteen days of its order. Federal Rule of Civil Procedure 26(b)(1), which, in addition to the scope of discovery between litigation, governs the scope of discovery for a subpoena, provides as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Under Rule 45, "[t]he court for the district where compliance is required — and also, after a motion is transferred, the issuing court — may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ.

P. 45(g).

Through the subpoena here, Plaintiff seeks nonprivileged documents relevant to his claims, which are proportional to the needs of the case. Plaintiff respectfully submits that the issue raised in this case, namely the impropriety of a fatal police shooting of a civilian, is an important one, and that the damages in controversy are substantial. Additionally, the police department should have easy access to the documents sought, and the burden of gathering and producing them pales in comparison to their likely benefit. Indeed, the subpoena does not burden the City of Lebanon Police Department with a labor-intensive ESI review or a time-intensive search for obscure hard-copy documents. Indeed, the subpoena calls for sixteen discrete categories of documents that directly relate to the fatal shooting at issue in this case, information about any officers involved, and the department's policies that govern police interaction with civilians in the jurisdiction where this incident took place.

Moreover, the City of Lebanon Police Department has raised no issue regarding the facial or procedural soundness of the subpoena, the reasonableness of the time for compliance, or the discoverability of the documents it sought. Nor do any such arguments exist. The subpoena complies with Rule 45, it gave two weeks (which has now been a month) for a response, and it seeks undeniably discoverable information.[2] With no such legal arguments at its disposal, the City of Lebanon Police Department has instead suggested that it need not comply with the subpoena because, it claims, its officers did not respond to the car chase of Ms. Thome, or the ultimate location where Ms. Thome was shot. Plaintiff respectfully disputes this contention and, through

---

[2] In *Carusone v. Kane*, attached as **Exhibit C**, this Honorable Court held that neither the Pennsylvania Criminal History Record Information Act ("CHRIA") nor any claimed "investigatory privilege" precluded the production of criminal investigative information sought by subpoena from the Montgomery County District Attorney's Office. *See Carusone*, No. 1:16-CV-1944, 2017 WL 5900429, at *3 (M.D. Pa. Nov. 30, 2017). Accordingly, the Court ordered the District Attorney's Office to produce the documents sought by the subpoena under the penalty of contempt. *Id.* at *4.

this subpoena, seeks documents that would tend to corroborate or discredit this claim. But, more importantly, the police department's claimed lack of involvement in the incident is wholly irrelevant to the issue of whether the department has documents responsive to Plaintiff's subpoena and its obligation to produce the same. Indeed, Rule 45 requires production of all discoverable documents in a person or entity's possession, custody, or control, regardless of the recipient's involvement in any underlying incident. If the department does not possess certain of the documents called for by Plaintiff's subpoena, plainly, that is not *cart blanche* to ignore the subpoena altogether. The City of Lebanon Police Department must respond, in writing, saying as much.

V.  **CONCLUSION**

The City of Lebanon Police Department's response to Plaintiff's subpoena is now two weeks overdue. Despite Plaintiff's counsel's good-faith efforts, counsel could not resolve this discovery dispute without court intervention. Accordingly, Plaintiff respectfully requests that the Court grant this Motion to Compel and enter the accompanying Proposed Order.

Respectfully submitted,

**KLINE & SPECTER, P.C.**

Dated:  December 17, 2020

By: _____
THOMAS R. KLINE, ESQUIRE
TRACIE L. PALMER, ESQUIRE
BENJAMIN O. PRESENT, ESQUIRE
*Attorneys for Plaintiff*