IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEREK S. THOME, *As Administrator of the Estate of Charity L. Thome, Deceased*, c/o Kline & Specter, P.C., 1525 Locust Street, Philadelphia, PA 19102<br><br>*Plaintiff*,<br>v.<br><br>PENNSYLVANIA STATE POLICE OFFICERS JOHN DOE 1 THROUGH 20<br>1800 Elmerton Avenue<br>Harrisburg, PA 17110<br><br>*Defendants*. | CIVIL ACTION NO. 1:20-cv-02167-SHR |

**PLAINTIFF'S BRIEF IN SUPPORT OF MOTION TO COMPEL NONPARTY PENNSYLVANIA STATE POLICE'S COMPLIANCE WITH SUBPOENA**

This case stems from the unlawful killing of Charity L. Thome, an unarmed forty-two-year-old mother of two who was shot and killed by Pennsylvania State Police ("PSP") officers earlier this year. Plaintiff has filed this civil rights action against twenty to-be-identified PSP officers on behalf of Ms. Thome's estate.

In order to identify the proper defendants to this action and seasonably commence discovery, on November 20, 2020, Plaintiff served a subpoena on the PSP[1] with a response date of December 4, 2020. Because the PSP has failed to timely respond to the subpoena despite undersigned counsel's good faith efforts, Court intervention is required. The PSP has also made clear that it intends to withhold and/or redact documents under the Pennsylvania Criminal History

---

[1] Plaintiff also served subpoenas on the North Lebanon Police Department and the City of Lebanon Police Department.

Record Information Act, which does not apply in this federal litigation. As such, Plaintiff respectfully requests that this Honorable Court enter the accompanying order compelling the PSP's complete compliance with the subpoena, for which responses are now nearly a month overdue.

### I.     PROCEDURAL HISTORY OF THE CASE

Plaintiff initiated this action by filing a Complaint on November 19, 2020. *See* Compl., Doc. No. 1. On November 20, 2020, Plaintiff served a subpoena on the PSP. *See* Subpoena, attached as ***Ex. A***. The subpoena requested sixteen discrete categories of documents related to Ms. Thome's killing and had a response date of December 4, 2020 at 5 p.m. *See* ***Ex. A***. Importantly, the subpoena seeks documents identifying the names of the officers who killed Ms. Thome, which are necessary for Plaintiff to amend the Complaint in this matter and make service in accordance with the Federal Rules of Civil Procedure. To date, the PSP has only sent Plaintiff a small production containing its policies related to arrests, searches, traffic stops, and use of force. *See* ***Ex. B***, PSP Docs. PSP/SPU000001–PSP/SPU000130. Even those general policy documents were improperly redacted without any legal basis for doing so. *See id.*

To date, not a single document related to Ms. Thome's killing has been produced, severely prejudicing Plaintiff in his prosecution of this case. Plaintiff's counsel has attempted in good faith to resolve the issues in this Motion with counsel for the PSP, but has been met with continuous and improper delays, necessitating Court intervention in this issue.

### II.    STATEMENT OF FACTS

For a complete set of facts underlying this case, Plaintiff respectfully refers the Court to his Complaint. The facts necessary to resolve this motion are minimal and straightforward.

Plaintiff's subpoena to the PSP makes narrowly-tailored inquiries into unquestionably discoverable information, such as, among other things:

- Documents in the PSP's possession regarding the incident in which Ms. Thome was killed by police officers;

- All documents containing the names, badge numbers, and roles of officers from the PSP as well as officers from the North Lebanon Township Police Department and the City of Lebanon Police Department involved in the incident;

- The personnel files of any PSP officer involved in the incident;

- All officer statements, witness statements, and other statements regarding the incident;

- Documents pertaining to various policies, including use of deadly force, within the PSP; and

- Documents pertaining to officer-involved shootings within the PSP.

*See Ex. A*, Attachment A to Subpoena.

Plaintiff has faced several delays in obtaining the PSP's compliance with the subpoena. First, counsel for the PSP advised Plaintiff on or about December 3, 2020 that the PSP wished to enter into a protective order. Critically, in discussions with counsel for the PSP regarding the protective order, ***the PSP's counsel conceded the sought-after documents were discoverable***. After negotiating terms, and to avoid the necessity of involving the Court, Plaintiff agreed to a limited protective order, into which the parties entered on December 15, 2020. On December 18, 2020, once the protective order was signed by counsel for both Plaintiff and the PSP, Plaintiff followed up with counsel for the PSP via email seeking an update about when Plaintiff could expect the PSP's document production, which was then two weeks overdue. Because counsel for the PSP did not respond, Plaintiff's counsel followed up on December 21, 2020. On December 21, 2020, the PSP's counsel emailed that "the responsive records are going out with tomorrow's mail."

On December 22, 2020, Plaintiff received a small, redacted production containing solely PSP policies, as set forth above. *See* **Ex. B**. The cover letter was dated December 11, 2020. *See id.* None of the documents relate to the PSP officers' killing of Ms. Thome or the underlying incident.

Moreover, the cover letter stated that the produced documents were redacted "in accordance with the Criminal History Record Information Act." In response, undersigned counsel emailed counsel for the PSP to advise counsel that CHRIA did not stand for the proposition that the PSP could redact its production as it did. Undersigned counsel also advised the PSP's counsel that, based on the improper "privilege" PSP appeared to be claiming, all documents produced in response to the subpoena – including the policy documents already produced – should be in unredacted form. Additionally, given the already significant delays in the PSP's production, and to avoid further prejudice to Plaintiff, undersigned counsel requested electronic copies of all documents in the PSP's production and gave the PSP until December 28, 2020 to make its production. Counsel for the PSP responded simply, "Your concern is being addressed[,]" without any indication of when the PSP's full production would be made.

Having received no further documents as of the time of filing, Plaintiff files the instant Motion to avoid being further prejudiced in the prosecution of this matter.

## III.  STATEMENT OF THE QUESTION INVOLVED

1. **Question:** Should the Court compel the PSP to respond to Plaintiff's subpoena, where the subpoena requests relevant documents about the incident at issue in the police department's possession, custody, and control, and where the PSP's response is overdue?

   **Suggested Answer:** Yes.

2. **Question:** Should the Court compel the PSP to make its entire document production without withholding or redacting documents under CHRIA, which does not apply?

   **Suggested Answer:** Yes.

## IV.  ARGUMENT

The Court should grant Plaintiff's Motion and compel the PSP's complete compliance with Plaintiff's subpoena within fourteen days of its order. Federal Rule of Civil Procedure 26(b)(1),

which, in addition to the scope of discovery between litigants, governs the scope of discovery for a subpoena, provides as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Under Rule 45, "[t]he court for the district where compliance is required — and also, after a motion is transferred, the issuing court — may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g).

### A.  Plaintiff Seeks Relevant Documents that Are Proportional to the Needs of the Case, and the PSP's Document Production is Nearly a Month Overdue.

Through his subpoena, Plaintiff seeks nonprivileged documents relevant to his claims that are proportional to the needs of the case. Plaintiff respectfully submits that the issue raised in this case, namely the impropriety of a fatal police shooting of a civilian, is an important one, and that the damages in controversy are substantial. Additionally, the PSP should have easy access to the documents sought, and the burden of gathering and producing them pales in comparison to their likely benefit. This is especially true given that it was the PSP's officers who shot and killed Ms. Thome. Moreover, the subpoena does not burden the PSP with a labor-intensive ESI review or a time-intensive search for obscure hard-copy documents. It calls for sixteen discrete categories of documents that directly relate to the fatal shooting at issue in this case, information about any officers involved, and the PSP's policies that govern police interaction with civilians.

Additionally, the PSP has raised no issue regarding the facial or procedural soundness of

the subpoena, the reasonableness of the time for compliance, or the discoverability of the documents it seeks. Nor do any such arguments exist. The subpoena complies with Rule 45, it gave two weeks (which has now been nearly a month-and-a-half) for a response, and it seeks undeniably discoverable information. Indeed, the PSP's counsel admitted to undersigned counsel that the documents Plaintiff seeks are fully discoverable. With no such legal arguments at its disposal, the PSP has resorted to delay tactics and, as set forth below, improper withholding and/or redacting of documents. Because the documents are relevant and the PSP's production is overdue, the Court should grant Plaintiff's motion and compel the PSP to make a complete production.

      **B.**    **CHRIA Does Not Permit the PSP to Redact or Withhold Documents From Its Document Production.**

The Court should also compel the PSP to make its entire document production without withholding or redacting documents because the PSP's claimed protection[2] – namely, CHRIA – does not apply. In *Carusone v. Kane*, attached as **Exhibit C**, this Honorable Court held that CHRIA did not preclude the production of criminal investigative information sought by subpoena from the Montgomery County District Attorney's Office by a litigant in federal court. *See Carusone*, No. 1:16-CV-1944, 2017 WL 5900429, at *3 (M.D. Pa. Nov. 30, 2017). More specifically, the Court stated:

> District courts within the Third Circuit have consistently concluded that CHRIA does not compel a federal court to recognize a blanket privilege against the discovery of police reports containing investigative information or complaints against third persons simply because the Pennsylvania legislature may have enacted a privilege, as that does not render the privilege as one fairly characterized as a principle of common law.

*Id.* at *2; *see also Zielinski v. Mega Mfg., Inc.*, attached as **Ex. D**, No. 2:18-CV-05113-JDW, 2019 WL 6353203, at *3 (E.D. Pa. Nov. 26, 2019) (ruling in the context of a subpoena sent to a police

---

[2] To the extent that the PSP claims privilege under the attorney-client privilege, it must produce a privilege log in accordance with Federal Rule of Civil Procedure 26(b)(5).

department that "CHRIA must yield to Rule 26(b)"). Accordingly, the PSP cannot withhold or redact documents based on CHRIA in this federal lawsuit, and the Court should compel it to make a complete production without improper reliance on CHRIA.

## V.     CONCLUSION

The PSP's response to Plaintiff's subpoena is now nearly a month overdue. Despite Plaintiff's counsel's good-faith efforts, counsel could not resolve this discovery dispute without court intervention. Accordingly, Plaintiff respectfully requests that the Court grant this Motion to Compel and enter the accompanying Proposed Order.

Respectfully submitted,

KLINE & SPECTER, P.C.

Dated:  December 28, 2020                By: _____
                                         THOMAS R. KLINE, ESQUIRE
                                         TRACIE L. PALMER, ESQUIRE
                                         BENJAMIN O. PRESENT, ESQUIRE
                                         *Attorneys for Plaintiff*