IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEREK S. THOME, as administrator of the Estate of Charity L. Thome, Deceased, | : Civil No. 1:20-cv-2167 |
| Plaintiff, | : |
| v. | : |
| PENNSYLVANIA STATE POLICE OFFICER JAY D. SPLAIN et al., | : |
| Defendants. | : Judge Sylvia H. Rambo |

## **M E M O R A N D U M**

Before the court is the motion to dismiss Plaintiff's state-created danger claim filed by Defendants Officer Jay D. Splain and Officer Matthew Haber. (Doc. 16.) For the reasons explained below, the motion will be granted without prejudice to Plaintiff filing an amended complaint.

### I.   BACKGROUND

On March 16, 2020, Mrs. Charity Thome, a woman suffering from mental health and addiction problems known to the Pennsylvania and Lebanon police, refused to pull over her car for Officer Ryan Haase of the North Lebanon Police Department. Officer Haase began pursuing Mrs. Thome and simultaneously contacted the Pennsylvania State Police for assistance, resulting in Defendants Jay D. Splain and Matthew Haber of the Pennsylvania State Police joining in the pursuit. As the chase continued, Officer Splain performed a "precise immobilization

1

technique" to Mrs. Thome's vehicle, striking it in a manner that caused it to spin out into a field. Shortly thereafter, Mrs. Thome was shot seven times by Officers Splain and Haber, killing her almost instantly.

Plaintiff Derek S. Thome, as administrator for Mrs. Thome's estate, alleges that the police and an eye-witness have different explanations for the shooting. According to Plaintiff, the police contend that Mrs. Thome was shot because she was dangerously threatening the officers, and potentially the public, by ramming the officers with her car. Plaintiff alleges, however, that an eyewitness reported seeing Mrs. Thome outside of her car when she was shot, suggesting that she could not have threatened anyone with her vehicle at the time. Plaintiff alleges that both scenarios demonstrate the police acted unreasonably in killing Mrs. Thome.

On November 19, 2020, Plaintiff initiated this action against several John Doe members of the Pennsylvania State Police. After conducting discovery, Plaintiff amended the complaint and asserted six causes of action against Officers Splain and Haber, including claims under 42 U.S.C. § 1983 for violating Mrs. Thome's Fourth Amendment right through the use of unreasonable force and her Fourteenth Amendment right to substantive due process by fatally shooting her without justification, as well as claims for wrongful death, assault, and battery under Pennsylvania law and its survivor statute.

On May 6, 2021, Defendants filed a partial motion to dismiss for failure to state a claim requesting dismissal of Plaintiff's Fourteenth Amendment claim. (Doc. 16.) The motion has been fully briefed and is ripe for review.

## II. STANDARD OF REVIEW

To survive a motion to dismiss under Rule 12(b)(6), the plaintiff must allege "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). "When reviewing a 12(b)(6) motion, we 'accept as true all well-pled factual allegations in the complaint and all reasonable inferences that can be drawn from them.'" *Estate of Ginzburg by Ermey v. Electrolux Home Prods., Inc.*, 783 F. App'x 159, 162 (3d Cir. 2019) (quoting *Taksir v. Vanguard Grp.*, 903 F.3d 95, 96-97 (3d Cir. 2018)). The facts alleged must be "construed in the light most favorable to the plaintiff." *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010) (internal quotations, brackets, and ellipses omitted). The universe of facts upon which the court may rely includes those facts alleged in the complaint, facts of which the court may take judicial notice, and indisputably authentic documents referred to in the complaint. *Hartig Drug Co., Inc. v. Senju Pharm Co.*, 836 F.3d 261, 268 (3d Cir. 2016).

The Third Circuit has detailed a three-step process to determine whether a complaint meets the pleading standard. *Bistrian v. Levi*, 696 F.3d 352 (3d Cir. 2014). First, the court outlines the elements a plaintiff must plead to state a claim for relief. *Id*. at 365. Second, the court must "peel away those allegations that are no more than conclusions and thus not entitled to the assumption of truth." *Id*. Third, the court "look[s] for well-pled factual allegations, assume[s] their veracity, and then 'determine[s] whether they plausibly give rise to an entitlement to relief.'" *Id*. (quoting *Iqbal*, 556 U.S. at 679). The last step is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. In assessing the level of factual details required under *Twombly*, the Third Circuit has noted that "Fed. R. Civ. P. 8 requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests, and that this standard does not require detailed factual allegations." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (internal citations and quotations omitted).

### III. <u>DISCUSSION</u>

Under the Fourth Amendment to the United States Constitution, American citizens bear the right "to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures[.]" "A claim that law-enforcement officers used excessive force to effect a seizure is governed by the Fourth

Amendment's 'reasonableness' standard." *Plumhoff v. Rickard*, 572 U.S. 765, 774 (2014).

As a separate cause of action, liability may be imposed under the "state-created danger" doctrine, arising out of the substantive due process guarantees of the Fourteenth Amendment. *Kneipp v. Tedder*, 95 F.3d 1199, 1205 (3d Cir. 1996); *Estate of Smith v. Marasco*, 318 F.3d 497, 506 (3d Cir. 2003). The substance of the state-created danger doctrine is that government officials have a narrow affirmative obligation, in limited circumstances, not to expose individuals to severe harm, such as by releasing an intoxicated woman from prison and allowing her to suffer injury while she wandered home, *see Kneipp*, 95 F.3d at 1208, or by exposing a mentally-ill man to severe trauma through the use of flash-bang grenades and permitting him to run into the woods without his required medication, *see Marasco*, 318 F.3d at 506-07.

Here, Plaintiff fails to properly state a claim for Fourteenth Amendment violation based on state-created danger. The substantive basis of Plaintiff's Fourteenth Amendment claim is that Defendants acted unreasonably and used excessive force by shooting Mrs. Thome. The claim therefore sounds in the Fourth Amendment, *see Carswell v. Borough of Homestead*, 381 F.3d 235, 240 (3d Cir. 2004), and as such, it may not be asserted as a claim for violation of substantive due process under the state-created danger doctrine. *See DeLade v. Cargan*, 972 F.3d

207, 210 (3d Cir. 2020) (explaining that under the "more-specific-provision rule," where "a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process") (quoting *United States v. Lanier*, 520 U.S. 259, 272 n.7 (1997)); *see also Jarbough v. Att'y Gen. of U.S.*, 483 F.3d 184, 189 (3d Cir. 2007) (noting that the court is not bound by labels that a party attaches to a claim). The court will therefore dismiss Plaintiff's Fourteenth Amendment state-created danger claim and grant Plaintiff leave to amend.

### IV. CONCLUSION

For the reasons explained above, Defendants' motion will be granted and Count II will be dismissed without prejudice to Plaintiff's right to amend the complaint within twenty-one days. An appropriate order will follow.

                                                s/Sylvia H. Rambo
                                                SYLVIA H. RAMBO
                                                United States District Judge

Dated: July 27, 2021