## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DEREK S. THOME,** *As* | : | |
| *Administrator of the Estate of Charity* | : | |
| *L. Thome, Deceased,* | : | **No.  1:20-CV-2167** |
| **Plaintiff** | : | |
| | : | **Judge Rambo** |
| **v.** | : | |
| | : | **Electronically Filed Document** |
| **OFFICER JAY D. SPLAIN** *and* | : | |
| **OFFICER MATTHEW HABER,** | : | *Jury Trial Demanded* |
| **Defendants** | : | |

### ANSWER WITH AFFIRMATIVE DEFENSES TO
### PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendants Pennsylvania State Troopers Jay D. Splain and Matthew Haber, by their undersigned counsel, file their Answer to Plaintiff's Second Amended Complaint with Affirmative Defenses, as follows:

### INTRODUCTION

1.      Denied.  This paragraph contains a statement of the case to which no response is required.  To the extent a response is required, the allegations are denied.

### THE PARTIES

2.      Denied.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore they are denied.

3.     The allegations in this paragraph are admitted with the exception of the allegation involving color of law which is a conclusion of law to which no response is required.

4.     Denied as stated.

5.     Denied as stated.

6.     It is admitted only that Charity Thome was shot and killed.  The remaining allegations in this paragraph are denied.

7.     It is admitted only that Trooper Haber is a Trooper with the Pennsylvania State Police and that he participated in the high speed vehicle chase, apprehension of, and/or fatal shooting of Charity Thome on March 16, 2020.  The remaining allegations in this paragraph are denied.

8.     Denied as stated.

## JURISDICTION AND VENUE

9.     The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is deemed required, the allegations are denied.

10.     The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is deemed required, the allegations are denied.

11.     The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is deemed required, the allegations are denied.

## MATERIAL FACTS

### Defendants' Fatal Shooting of Ms. Thome

12.     Admitted.

13.     Denied as stated.  As to what the City of Lebanon Police Department and the North Lebanon Township Police Departments knew or did not know, Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and they are therefore denied.  It is admitted that Troppers Splain and Haber were aware that Charity Thome was a known methamphetamine user.  The remaining allegations in this paragraph are denied.

14.     Denied as stated.   It is admitted only that there were certain communications between the Pennsylvania State Police, the City of Lebanon Policy Department, and the North Lebanon Township Police Departments regarding Charity Thome.  As to what the City of Lebanon Police Department and the North Lebanon Township Police Departments knew or did not know, Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and they are therefore denied.  It is admitted that

Troppers Splain and Haber were aware that Charity Thome was a known methamphetamine user.  The remaining allegations in this paragraph are denied.

15.     Denied as stated.  By way of further answer, Officer Haase responded to an incident at 1752 Heilmandale Road, Lebanon, PA 17046 in which Ms. Thome tried to run over the officers on the scene with her car.  Officer Haase was again dispatched to the 1752 Heilmandale Road, Lebanon, PA address on March 16, 2020 due to a report that Ms. Thome was attempting to break into the residence.

16.     Denied as stated.  By way of further answer, Officer Haasee arrived at the residence when he received a second call relating that Ms. Thome was attempting to break into the residence.

17.     Admitted.

18.     Denied as stated.  By way of further answer, Officer Haase reported that during the high speed vehicle pursuit, Ms. Thome was throwing objects from the driver's side window attempting to strike his police cruiser.  Officer Haase related that it seemed like Ms. Thome was trying to disable his SUV.  Officer Haase further reported that once Ms. Thome turned on to South Ramona, he contacted dispatch about terminating the pursuit.  Officer Haase was advised the Pennsylvania State Police was in pursuit behind his vehicle and he did not terminate the pursuit.

19.     Denied as stated.

20.     Admitted only that Troopers Splain and Haber pursued Charity Thome in a high speed vehicle chase which she chose to lead them on and Officer Haase continued his pursuit.   The remaining allegations in this paragraph are denied.

21.     Admitted.  By way of further answer, Ms. Thome threw an object out of her car during the high speed vehicle chase at Troopers Splain and Haber's police vehicle.

22.     Admitted.  By way of further answer, Troopers Splain and Haber gave verbal commands to Ms. Thome which she refused to obey and continued to enhance her actions by accelerating her vehicle.

23.     Admitted.  By way of further answer, Ms. Thome ignored Troopers Splain and Haber's verbal commands and looked right at Trooper Splain as she grabbed the gear shift and slammed down on the gas slamming into Officer's Haase's police cruiser.  She did not take her foot off the gas and continued to accelerate upon ramming into Officer Haase's police cruiser.  Trooper Splain yelled "Stop" one last time and then Ms. Haase reached down towards the passenger compartment as if she was grabbing for something.

24.     Admitted that per Officer Haase's interview, he stated Ms. Thome rammed his police cruiser at what seemed to Officer Haase as five miles per hour.

By way of further answer, Ms. Thome ignored Troopers Splain and Haber's verbal commands and looked right at Trooper Splain as she grabbed the gear shift and slammed down on the gas slamming into Officer's Haase's police cruiser.  She did not take her foot off the gas and continued to accelerate upon ramming into Officer Haase's police cruiser.  Trooper Splain yelled "Stop" one last time and then Ms. Thome reached down towards the passenger compartment as if she was grabbing for something.

25.    Admitted in part and denied in part.  It is admitted only that per Officer Haase's interview, he stated that the ram did not jolt his police vehicle. The remaining allegations in this paragraph are denied.   By way of further answer, Trooper Splain reported that when Ms. Thome rammed Officer Haase's police vehicle, it rocked the vehicle significantly back and forth.

26.    Admitted.

27.    Denied.

28.    Denied as stated.  Per Officer Haase's interview, he stated that he did not feel in fear for his life when Ms. Thome struck his car.  The remaining allegations in this paragraph are denied.

29.    Denied as stated.  Per Officer Hasse's interview, he stated that his police vehicle was equipped with a thirty-thousand dollar registration plate reader system.  The remaining allegations in this paragraph are denied.

30.     Denied as stated.  Per Officer Hasse's interview, he stated that when he saw Ms. Thome driving towards his vehicle all he could think was "do not hit my car, bitch do not hit my car."

31.     Denied as stated.  Plaintiff's characterizations as to the damage sustained to Officer Haase's police cruiser by Ms. Thome's ramming into it and continuing to accelerate her vehicle are denied.

32.     Denied as stated.  It is admitted that Troopers Slain and Haber were interviewed by the Pennsylvania State Police following the incident.   The remaining allegations in this paragraph are denied.

33.     Denied as stated.  It is admitted that Troopers Splain and Haber issued multiple verbal commands to Ms. Thome which Ms. Thome refused to comply with.  Plaintiff's characterizations as to Troopers Splain and Haber's interviews are denied.  The remaining allegations in this paragraph are denied.

34.     Denied as stated.  It is admitted that Troopers Splain and Haber issued multiple verbal commands to Ms. Thome which Ms. Thome refused to comply with.  Plaintiff's characterizations as to Troopers Splain and Haber's interviews are denied.

35.     Denied as stated.  It is admitted that Troopers Splain and Haber issued multiple verbal commands to Ms. Thome which Ms. Thome refused to comply

with.  Plaintiff's characterizations as to Troopers Splain and Haber's interviews are denied.

36.    Denied as stated.  It is admitted that Troopers Splain and Haber issued multiple verbal commands to Ms. Thome which Ms. Thome refused to comply with.  Plaintiff's characterizations as to Troopers Splain and Haber's interviews are denied.

37.    Denied.  The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is deemed required, the allegations are denied.

38.    Denied as stated.  It is admitted only the Trooper Haber reported that he thought the department issued Mobile Video Recording (MVR) microphone fell off when he got out of the car during a prior call on his shift.  He planned to replace the mic when he returned to the station, but a call came in regarding Ms. Thome before he had a chance to replace the mic.  The remaining allegations in this paragraph are denied.

39.    Denied.  It is admitted only that MVR footage from Troopers Splain and Haber's cruiser was taken, but Plaintiff's characterizations are denied.

40.     Denied. It is admitted only that video footage from the North Lebanon Township police cruiser was taken, but Plaintiff's characterizations are denied.

41.    Denied.   It is admitted only that video footage from the North Lebanon Township police cruiser was taken, and that it has audio, but Plaintiff's characterizations are denied.

42.    Denied.   It is admitted only that video footage from the North Lebanon Township police cruiser was taken, and that it has audio, but Plaintiff's characterizations are denied.

43.    Denied.

44.    Denied.  Plaintiff's characterizations of Trooper Splain's interview and the video footage from the North Lebanon Township police cruiser are denied.

45.    Denied.   It is admitted only that Troopers Splain and Haber gave verbal commands to Ms. Thome which she refused to obey and continued to enhance her actions by accelerating her vehicle and ramming Officer Haase's police cruiser.   Plaintiff's characterizations of Trooper Splain's interview and the video footage from the North Lebanon Township police cruiser are denied.

46.    Denied.  Plaintiff's characterizations of Trooper Splain's interview and the video footage from the North Lebanon Township police cruiser are denied.

47.    Denied.  Plaintiff's characterizations of Trooper Splain's interview and the video footage from the North Lebanon Township police cruiser are denied.

48.     Denied.   Plaintiff's characterizations of Trooper Splain and Haber's interviews and the video footage from the North Lebanon Township police cruiser are denied.

49.     Denied.   Plaintiff's characterizations of Trooper Splain and Haber's interviews and the video footage from the North Lebanon Township police cruiser are denied.

50.     Denied as stated.   The allegations in this paragraph are conclusions of law to which no response is required.   To the extent a response is deemed required, it is admitted only that Trooper Splain, after Ms. Thome refused to obey his verbal commands and rammed Officer Haase's police cruiser, continuing to accelerate, and as more fully set forth in Trooper Splain's interview to the Pennsylvania State Police following the incident, estimated that he shot four or five shots, relating they were in quick succession, and after Ms. Thome continued moving and appeared to be reaching for something, Trooper Splain fired one or two more shots.   The remaining allegations in this paragraph are denied.

51.     Denied as stated.   The allegations in this paragraph are conclusions of law to which no response is required.   To the extent a response is deemed required, it is admitted only that Trooper Haber, after Ms. Thome refused to obey his verbal commands and rammed Officer Haase's police cruiser, continuing to accelerate, and as more fully set forth in Trooper Haber's interview to the Pennsylvania State

Police following the incident, discharged his service weapon twice at Ms. Thome. The remaining allegations in this paragraph are denied.

52.   It is admitted that Troopers Splain and Haber immediately provided medical aid to Ms. Thome and that she died at the scene of the incident.

53.   It is admitted that Troopers Splain and Haber immediately provided medical aid to Ms. Thome and that she died at the scene of the incident.

54.   Troopers Splain and Haber lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and hence they are denied.

55.   Denied as stated.

56.   The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is deemed required, denied as stated.

57.   It is admitted only that Troopers Splain and Haber were justified in their use of deadly force.  The allegations in this paragraph are based on a writing which speaks for itself and any characterization as to the nature or contents thereof by Plaintiff is denied.

58.   It is admitted only that Troopers Splain and Haber were justified in their use of deadly force.  The allegations in this paragraph are based on a writing which speaks for itself and any characterization as to the nature or contents thereof by Plaintiff is denied.

59.     It is admitted only that Troopers Splain and Haber were justified in their use of deadly force.  The allegations in this paragraph are based on a writing which speaks for itself and any characterization as to the nature or contents thereof by Plaintiff is denied.

60.     It is admitted only that Troopers Splain and Haber were justified in their use of deadly force.  The allegations in this paragraph are based on a writing which speaks for itself and any characterization as to the nature or contents thereof by Plaintiff is denied.

61.     It is admitted only that Troopers Splain and Haber were justified in their use of deadly force.  The allegations in this paragraph are based on a writing which speaks for itself and any characterization as to the nature or contents thereof by Plaintiff is denied.

62.     Admitted.  By way of further answer, Troopers Splain and Haber were justified in their use of deadly force.

63.     Denied.  The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is deemed required, the allegations are denied.  Plaintiff's characterizations as to the "police interviews obtained by Plaintiff and the press release" are denied.

64.     Denied.

65.     Denied.

## <u>Defendants' Unconstitutional Conduct and Violations of Their Own Use-Of-Force Policies</u>

66.     The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is deemed required, the allegations are denied.

67.     The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is deemed required, the allegations are denied.

68.     The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is deemed required, the allegations are denied.

69.     The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is deemed required, the allegations are denied.

70.     Denied.  The allegations in this paragraph are based off a writing which speaks for itself and any characterization as to the nature or contents thereof by Plaintiff is denied.

71.     Denied.  The allegations in this paragraph are based off a writing which speaks for itself and any characterization as to the nature or contents thereof by Plaintiff is denied.

72.    Denied.  The allegations in this paragraph are based off a writing which speaks for itself and any characterization as to the nature or contents thereof by Plaintiff is denied.

73.    Denied.

74.    The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is deemed required, the allegations are denied.

75.    The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is deemed required, the allegations are denied.

76.    The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is deemed required, the allegations are denied.

77.    The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is deemed required, the allegations are denied.

## COUNT I – CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C. §1983
## UNLAWFUL USE OF UNREASONABLE AND EXCESSIVE FORCE
## Plaintiff v. Defendants Officer Jay D. Splain and Officer Matthew Haber

78.     Defendants incorporate their responses to paragraphs 1 through 77 above as if fully set forth herein.

79.     The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is deemed required, the allegations are denied.

80.     The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is deemed required, the allegations are denied.

81.     The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is deemed required, the allegations are denied.

82.     The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is deemed required, the allegations are denied.

83.     The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is deemed required, the allegations are denied.

84.     The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is deemed required, the allegations are denied.

85.     The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is deemed required, the allegations are denied.

86.     The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is deemed required, the allegations are denied.

WHEREFORE, Defendants Troopers Jay D. Splain and Matthew Haber respectfully request that judgment be entered in their favor on all claims and the Court award such further relief as deemed appropriate.

## COUNT II – ASSAULT
**Plaintiff v. Defendants Officer Jay D. Splain and Officer Matthew Haber**

87.     Defendants incorporate their responses to paragraphs 1 through 86 above as if fully set forth herein.

88.     The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is deemed required, the allegations are denied.

89.     The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is deemed required, the allegations are denied.

WHEREFORE, Defendants Troopers Jay D. Splain and Matthew Haber respectfully request that judgment be entered in their favor on all claims and the Court award such further relief as deemed appropriate.

**COUNT III – BATTERY**
**Plaintiff v. Defendants Officer Jay D. Splain and Officer Matthew Haber**

90.     Defendants incorporate their responses to paragraphs 1 through 89 above as if fully set forth herein.

91.     The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is deemed required, the allegations are denied.

92.     The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is deemed required, the allegations are denied.

WHEREFORE, Defendants Troopers Jay D. Splain and Matthew Haber respectfully request that judgment be entered in their favor on all claims and the Court award such further relief as deemed appropriate.

## COUNT IV – WRONGFUL DEATH
## Plaintiff v. Defendants Officer Jay D. Splain and Officer Matthew Haber

93.     Defendants incorporate their responses to paragraphs 1 through 92 above as if fully set forth herein.

94.     The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is deemed required, the allegations are denied.

95.     The allegations in this paragraph are conclusions of law to which no response is required.  Further, Defendants are without knowledge or information sufficient to form a belief as to surviving individuals associated with Charity Thome and that allegation is denied. To the extent a response is deemed required, the allegations are denied.

96.     The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is deemed required, the allegations are denied.

97.     The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is deemed required, the allegations are denied.

WHEREFORE, Defendants Troopers Jay D. Splain and Matthew Haber respectfully request that judgment be entered in their favor on all claims and the Court award such further relief as deemed appropriate.

## COUNT V – SURVIVIAL ACTION
### Plaintiff v. Defendants Officer Jay D. Splain and Officer Matthew Haber

98.     Defendants incorporate their responses to paragraphs 1 through 97 above as if fully set forth herein.

99.     The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is deemed required, the allegations are denied.

100.   Denied.  Defendants are without knowledge or information sufficient to form a belief as to "the person(s) entitled to the Estate of Charity Thome" and these allegations are denied and the remaining allegations are further denied as conclusions of law.

101.   The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is deemed required, the allegations are denied.

102.   The allegations in this paragraph are conclusions of law to which no response is required.  To the extent a response is deemed required, the allegations are denied.

WHEREFORE, Defendants Troopers Jay D. Splain and Matthew Haber respectfully request that judgment be entered in their favor on all claims and the Court award such further relief as deemed appropriate.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

The Second Amended Complaint fails to state any claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Defendants are immune from liability by virtue of absolute, qualified, official, governmental, state sovereign, and/or any other immunity.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part based on the doctrine of justification.

## FOURTH AFFIRMATIVE DEFENSE

Troopers Splain and Haber's use of deadly force was justified.

## FIFTH AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' claims are barred because of Charity Thome's conduct, assumption of risk and contributory negligence.

## SIXTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's alleged damages resulted from Plaintiff's failure to mitigate its damages.

Respectfully submitted,

JOSH SHAPIRO
Attorney General

By:   *s/ Stephen Moniak*
_____

STEPHEN MONIAK
Senior Deputy Attorney General
Attorney ID 80035

KAREN M. ROMANO
Chief Senior Deputy Attorney General
Civil Litigation Section

Office of Attorney General
15th Floor, Strawberry Square
Harrisburg, PA 17120
Phone: (717) 705-2277

smoniak@attorneygeneral.gov

Date:  August 31, 2021

Counsel for Defendants

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DEREK S. THOME,** *As* | : | |
| *Administrator of the Estate of Charity* | : | |
| *L. Thome, Deceased,* | : | **No.  1:20-CV-2167** |
| **Plaintiff** | : | |
| | : | **Judge Rambo** |
| **v.** | : | |
| | : | **Electronically Filed Document** |
| **OFFICER JAY D SPLAIN** *and* | : | |
| **OFFICER MATTHEW HABER,** | : | *Jury Trial Demanded* |
| **Defendants** | : | |

### CERTIFICATE OF SERVICE

I, Stephen Moniak, Senior Deputy Attorney General for the Commonwealth

of Pennsylvania, Office of Attorney General, hereby certify that on August 31,

2021, I caused to be served a true and correct copy of the foregoing Answer to

Second Amended Complaint to the following:

### VIA ELECTRONIC FILING

**Benjamin O. Present, Esquire**
**Thome R. Kline, Esquire**
**Tracie L. Palmer, Esquire**
**Kline & Specter, PC**
**1525 Locust Street, 19th Floor**
**Philadelphia, PA  19102**
benjamin.present@klinespecter.com
tom.kline@klinespecter.com
tracie.palmer@klinespecter.com
*Counsel for Plaintiff*

 *s/ Stephen Moniak*
**STEPHEN MONIAK**